J-A02029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LUCAS KERCHOFF AND VALORIE KERCHOFF, INDIVIDUALLY AND AS PARENTS AND NATURAL GUARDIANS OF J.K. | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| ATLANTIC STATES INSURANCE COMPANY | : : : : | No. 1094 MDA 2018 |
| APPEAL OF: LUCAS KERCHOFF | : | |

Appeal from the Judgment Entered May 31, 2018
In the Court of Common Pleas of Northumberland County Civil Division at
No(s):  CV-16-1266

BEFORE:  LAZARUS, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED APRIL 09, 2019**

Appellants Lucas and Valorie Kerchoff, individually and as parents and natural guardians of minor J.K., appeal from the judgment entered after the trial court granted summary judgment in favor of Appellee Atlantic States Insurance Company.  Appellants assert that the trial court erred in deeming Appellee's motion for summary judgment uncontested.  We vacate and remand for further proceedings consistent with this memorandum.

The relevant factual background to this matter includes the following.  Appellants' son, J.K., was injured when a vehicle driven by Terri Pastore struck him while he was crossing Market Street in Sunbury, Pennsylvania.  Ms. Pastore was insured by Erie Insurance Company at the time of the collision,

and Appellants claimed that her policy limit of $100,000.00 was not adequate to compensate for J.K.'s injuries sustained as a result of the accident. J.K.'s grandparents were insured at the time of the accident by a policy with Appellee, which provided underinsured motorist (UIM) coverage. Appellants contend that they are entitled to damages under the UIM endorsement in the policy issued to J.K.'s grandparents.

Appellants initially filed a complaint on July 21, 2016, asserting breach of contract and bad faith claims against Appellee. Thereafter, on October 12, 2016, Appellants filed an amended complaint to attach a copy of the relevant insurance policy and to correct the caption. Appellee filed a motion seeking to sever the bad faith claim from the breach of contract claim. The trial court denied the motion on January 4, 2017.

A period of discovery ensued, after which Appellee filed a motion seeking summary judgment on April 6, 2018. On April 11, 2018, the trial court docketed an order dated April 9, 2018, providing that argument on the motion for summary judgment would be held on July 18, 2018, with Appellee's brief due twenty days before the argument and Appellants' brief due ten days before the argument.

On May 25, 2018, Appellee filed a motion to deem its motion for summary judgment uncontested based upon Appellants' failure to respond within thirty days of the filing of the motion for summary judgment. The trial court granted Appellee's motion and granted summary judgment in favor of Appellee on May 31, 2018. Appellants filed a motion for reconsideration of

the grant of summary judgment, asserting that they understood the order docketed April 11, 2018, to modify the requirement to respond within thirty days. The trial court denied the motion for reconsideration in an order docketed June 12, 2018.

Appellants filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) statement. The trial court complied with Pa.R.A.P. 1925(a).

Appellants raise the following issues for our review:

1. Whether the trial court committed an error of law or abuse of discretion in granting [Appellee's] Motion for Summary Judgment[.]

2. Whether the trial court committed an error of law or abuse of discretion in deeming [Appellee's] Motion for Summary Judgment uncontested[.]

3. Whether the trial court committed an error of law or abuse of discretion in not granting [Appellants] leave to file a Response to [Appellee's] Motion for Summary Judgment where no prejudice occurred[.]

4. Whether the trial court committed an error of law or abuse of discretion in not permitting [Appellants] to supplement the record with the deposition transcript of the underinsured motorist[.]

5. Whether the trial court committed an error of law or abuse of discretion in granting [Appellee's] Motion for Summary Judgment following the filing of [Appellee's] Motion to Deem its Motion for Summary Judgment Uncontested instead of allowing the parties the opportunity to supplement the record, file briefs and conduct oral argument pursuant to the [trial c]ourt's Scheduling Order[.]

Appellants' Brief at 4-5.

Appellants' first and second issues are closely related, and we address them together. Appellants assert that

[w]hen viewed in the light most favorable to Appellant[s], Appellee's evidence does not clearly dispel the existence of any genuine factual issue for the jury . . . . Also, the record contains evidence of facts essential to the cause of action which in a jury trial requires the issues to be submitted to a jury.

Appellants' Brief at 11.

Appellants assert that they interpreted the April 11, 2018 order setting forth the briefing schedule "as a modification of both local rules and Pennsylvania Rules of Civil Procedure. Appellants fully intended to supplement the record with the deposition transcript of the underinsured driver and contest the Motion for Summary Judgment in their brief, that was not yet due, and during argument." *Id.* at 12-13. Further, Appellants assert that

the scheduling Order issued April 9, 2018 and docketed April 11, 2018, outside the normal course pursuant to local rules, is the only reason that a response to the Motion for Summary Judgment was not filed within thirty days. Under these circumstances, the Honorable Hugh A. Jones' granting of Appellee's Motion for Summary Judgment, after deeming it uncontested, was an error of law or abuse of discretion and should be reversed.

*Id.* at 13.

Appellee counters that "[s]ummary judgment was proper because [Appellants] failed to respond to the Motion for Summary Judgment within thirty days as required by the Rules of Civil Procedure." Appellee's Brief at 4. According to Appellee, "Pa.R.C.P. 1035.2 provides, in part, that a party may move for summary judgment where 'an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action. . . .'" *Id.* at 5 (citing Pa.R.C.P. 1035.2(2)). Further, "Pa.R.C.P. 1035.3 states plainly that if adverse parties wish to oppose a

- 4 -

motion for summary judgment they 'must file a response within thirty days after service of the motion.'" ***Id.*** (citing Pa.R.C.P. 1035.3(a)). Additionally, Appellee asserts that "there was absolutely no evidence of negligence whatsoever of record at the time summary judgment was entered." ***Id.*** at 7.

Our scope and standard of review of the grant of a motion for summary judgment is well settled. We

> may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof . . . establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***Cigna Corp. v. Exec. Risk Indem., Inc.***, 111 A.3d 204, 210-11 (Pa. Super. 2015) (citation omitted).

Pennsylvania Rule of Civil Procedure 1035.2 provides:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
>
> > (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which

could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2.

Pennsylvania Rule of Civil Procedure 1035.3 provides that

(a) Except as provided in subdivision (e), the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying

(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

* * *

(d) Summary judgment may be entered against a party who does not respond.

(e)(1) Nothing in this rule is intended to prohibit a court, at any time prior to trial, from ruling upon a motion for summary judgment without written responses or briefs if no party is prejudiced. A party is prejudiced if he or she is not given a full and fair opportunity to supplement the record and to oppose the motion.

(2) A court granting a motion under subdivision (e)(1) shall state the reasons for its decision in a written opinion or on the record.

Pa.R.C.P. 1035.3(a), (d)-(e).

Northumberland County Local Rule of Civil Procedure 1035.2(a) provides:

(1) After thirty (30) days from service of the motion for summary judgment, any party may file a praecipe with the Prothonotary to place the matter on the argument list.

(2) If a response is filed where any party demands discovery, the parties shall complete such discovery within sixty (60) days, unless otherwise directed by the Court, and thereafter a praecipe may be filed for placement on the argument list.

(3) Subsequently, a briefing schedule and assignment to a judge will be issued by the Court Administrator.

Northumberland Cty. R.C.P. 1035.2(a).

Here, while Appellants did not file a response to the motion for summary judgment within thirty days as required by Rule 1035.3(a), the trial court issued an order within the thirty-day time-period in contravention of the procedure established by local rule in Northumberland Local Rule of Civil Procedure 1035.2(a)(3). Because the order docketed April 11, 2018 was issued before the thirty-day period had elapsed, it was reasonable for Appellants to believe that the order overrode the requirement of filing a response to the motion as normally required. Accordingly, we hold that the trial court erred in deeming Appellee's motion for summary judgment uncontested. Furthermore, as the basis for the grant of summary judgment was the failure to file a response within thirty days rather than a ruling on the merits, we remand this matter and order the court to provide Appellants the opportunity to file, within thirty days of remand, their opposition to the motion.

Because of our disposition of the first two issues, we need not reach the remaining issues raised on appeal.

Order vacated. Remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/09/2019